# FEDERAL OPINIONS

No. 989

NOFTZ v. BALTIMORE & O. RY. CO.

U. S. Appeals, 6th Circuit

No. 4584. Decided June 30, 1926

991. RAILROADS—1. Where statute provides that railroad companies must keep in repair machinery, tools, etc., and that they shall be liable for injuries sustained by employee because of defects, does not entitle car repairman who was injured by part of a defective car he was repairing to recover damages.

2. No recovery when defect was so hidden that it could not have been discovered by reasonable tests and inspection.

DONAHUE, C. J.

August Noftz was employed by the Baltimore & Ohio Railroad Co. as an experienced car repairman and while engaged in repairing a defective box car, was injured when an old upright post upon which he was working, split so that Noftz was precipitated backward over a casting onto a rail in the adjoining track and received the injuries for which he asked damages.

Noftz based his right to recover upon 9017 GC. which provides that railroads shall be liable for damages sustained by its employees caused by defects in any locomotive, engine, car, etc., necessary to be used by said employees, if said defect could have been discovered by reasonable test and inspection. Sec. 6243 GC. is also depended upon, said statute providing that an employer shall be liable for injuries sustained by employees by reason of defect or unsafe condition of works, wharves, plant, appliance, machinery, etc., in any way connected with the business of the employer. The District Court, at the close of the evidence, directed a verdict for the company for the reason that the defect was in such part of the upright post that it could not have been discovered by reasonable and proper care, tests, or inspection. Error was prosecuted and the Circuit Court of Appeals held:

1. Noftz was employed for the purpose of repairing defective cars and if a railroad company is required to furnish repairman cars that are not defective, then defective cars can never be repaired.

2. The employment of repairmen for the purpose of repairing defective cars is in strict compliance with the statute requiring railroad companies to keep its cars and other imple-

ments, machinery, and appliances free from defects and safe for use in the operation of its road.

3. Sec. 6243 GC. applies to defects in permanent fixtures, tools, etc., with which the employee is required to work and not to the specific thing upon which the workman is engaged in repairing.

4. If the statute were construed so as to apply to cars defective in part, upon which repairs were being made, it would lead to the ridiculous conclusion that railroad companies are required to repair defective cars and at the same time prevent them from employing any one to make repairs on cars that are defective.

5. The defect in the timber was such that it was hidden from view so that it could not have been discovered by reasonable and proper care, tests or inspection.

Judgment therefore affirmed.

Attorneys—Young & Young, Norwalk, for Noftz; Frazier & Frazier, Zanesville, and King, Ramsey, Flynn & Pyle, Sandusky, for Company.